UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Dario A., | Civ. No. 26-2882 (PAM/LIB) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| Markwayne Mullin, Secretary, Department of Homeland Security; Todd Blanche, Acting Attorney General; David Venturella, Acting Director, Immigration and Customs Enforcement; and David Easterwood, Acting Director, St. Paul Field Office, Immigration and Customs Enforcement; | |
| Respondents. | |

This matter is before the Court on Petitioner Dario A.'s Amended Petition for Writ of Habeas Corpus. ("Am. Pet." (Docket No. 16).) For the following reasons, the Court denies the Petition.

**BACKGROUND**

Petitioner Dario A. is a citizen of Mexico. (Id. ¶ 7.) He claims to have lived in the United States since 1999. (Id. ¶ 15.) In 2014, Petitioner was convicted of felony criminal sexual conduct in the first degree in Ramsey County and sentenced to 144 months' confinement. (Am. Pet. ¶ 19; Decl. of Steven Draves (Docket No. 6) ¶ 6.)

He was ordered removed on October 3, 2022, under Section 212(a)(6)(A)(1) of the Immigration and Nationality Act as an alien present in the United States without being admitted or paroled. (Am. Pet. ¶16; Draves Decl. Ex. 3 at 2.) However, his removal was

deferred under the Convention Against Torture.  (Id.)  Thus, he was released from detention under an Order of Supervision that required him to remain law abiding.  (Id. Ex. 4 at 3.) Petitioner asserts that since his release from prison, he "has remained law-abiding," save for a misdemeanor traffic violation that he reported because he "wishes to be forthright with the Court."  (Am. Pet. ¶¶ 19 n.1, 25.)   The Petition is silent as to Petitioner's pending criminal charges.  The Government describes this as a material omission, but the Court views this statement as a lie.

On March 29, 2026, Richfield police officers encountered Petitioner with his pants down, urinating on a public street.  (Draves Decl. Ex. 6 at 3.)  He returned to his car and admitted to urinating, but disregarded officers' instructions to get out of the car.  (Id.) Officers observed Petitioner "attempting to conceal something," so the officers removed him from the vehicle over his resistance.  (Id.)  Officers identified Petitioner as a predatory offender, who failed to register as such.   (Id.)   Upon searching his vehicle, officers discovered 4.61 grams of a substance that field-tested positive for methamphetamine.  (Id.) Police arrested Petitioner for the drugs and on probable cause for failing to register on the Predatory Offender Registry, and brought him to the Hennepin County Jail.  (Draves Decl. ¶ 10.)

Also on March 29, 2026, Immigration and Customs Enforcement ("ICE") sent an I-247A Immigration Detainer and I-205 Warrant of Removal/Deportation for Petitioner to the Hennepin County Jail.  (Id. ¶¶ 11–12; id. Ex. 2.)  The Detainer noted that Petitioner represented a "risk to . . . public safety."  (Id. Ex. 2. at 1.)  On April 3, 2026, the Hennepin

County Jail apparently disregarded ICE's Detainer for Petitioner, and released him without notifying ICE. (Draves Decl. ¶ 13.)

Petitioner has a pending felony charge for fifth degree drug possession and misdemeanor charges for obstructing the legal process, interfering with a police officer, and disorderly conduct. (Id. Ex. 6 at 7.) On April 17, 2026, ICE issued an I-200 Warrant for Arrest of Alien, finding probable cause to believe Petitioner was removable. (Draves Decl. ¶ 14.)

On May 6, 2026, ICE stopped Petitioner's vehicle, served him with the I-200 Warrant for Arrest of Alien, and arrested him for violating the terms of his Order of Supervision. (Draves Decl. ¶¶ 14–15; id. Ex. 5 at 1; Am. Pet. ¶ 20.) ICE served Petitioner a Notice of Revocation of Release and conducted an interview in which Petitioner declined to make a statement. (Draves Decl. ¶ 16; id. Ex. 5 at 3.)

Petitioner remains in ICE custody at the Freeborn County Jail in Albert Lea, Minnesota. (Am. Pet. ¶ 7.) ICE is reviewing Petitioner's case for removal to a third country. (Draves Decl. ¶ 17; id. Ex. 5 at 1.)

DISCUSSION

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, asking the Court to order his immediate release or grant him an individualized bond hearing. He claims that his arrest violated the Fourth Amendment and that his continued detention violates the Accardi doctrine.

Petitioner's Fourth Amendment claim is without merit. There is no doubt that Petitioner was lawfully arrested and detained. As a threshold matter, ICE obtained an I-

3

205 warrant for his arrest in March 2026.[1]   Moreover, his Order of Supervision was properly revoked.  It seems lost on Petitioner that he undoubtedly violated the terms of his supervised release by committing crimes.  His arrest and detention are therefore justified under 8 C.F.R. § 241.13(i)(1), which states that "[a]ny alien who has been released under an order of supervision . . . who violates any of the conditions of release may be returned to custody . . . ."

Additionally, 8 C.F.R. § 241.13(i)(2) provides additional authority supporting Petitioner's detention.  This section dictates that an order of supervision may be revoked if there is a "change of circumstances" resulting in a significant likelihood of the alien's removal in the foreseeable future.  See 8 C.F.R. § 241.13(i)(2).  Here, the circumstances here have changed because ICE is working to remove Petitioner to a third country. Petitioner's Fourth Amendment claim fails.

Petitioner's Accardi claim is likewise baseless.  See Accardi v. Shaughnessy, 347 U.S. 260 (1954).  He asserts that Respondents failed to follow their own regulations, and thus committed procedural errors, when revoking his supervised release and detaining him. But the record is clear that ICE followed its procedures to revoke Petitioner's Order of Supervision.  ICE notified Petitioner of the reasons for the revocation of his release, conducted an interview with him, and allowed him to make a statement on his behalf, in compliance with the regulation's requirements.  See 8 C.F.R. § 241.13(i)(3).  The law requires nothing more.

---

[1] The Court makes no decision as to Petitioner's arguments regarding the I-200 warrant served on him.

Further, as established above, Petitioner's argument that he was arrested without a valid warrant is meritless—ICE obtained an I-205 warrant for his arrest and he was taken into custody "pursuant" to that warrant.  See 8 C.F.R. § 241.3.  The relevant statutes contain no requirement that an I-205 warrant must be simultaneously served on the alien at the time of arrest.  See 8 U.S.C. § 1231, 8 C.F.R. § 241.2. The Court finds that the existence of the I-205 Warrant of Removal here satisfies any procedural requirement.  Petitioner fails to demonstrate that any agency failed to follow its regulations, much less that he is entitled to a bond hearing or release as a result.

Finally, it is worth nothing that it is well within ICE's authority to detain and remove an alien convicted of rape.  See Chay T. v. Noem, Civ. No. 26-1402, Docket No. 10 at *3–4, (D. Minn. March 3, 2026) (Traynor, J.).  Petitioner is not entitled to relief and his detention is lawful.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that:**

1.     The Amended Petition (Docket No. 16) is **DENIED**; and

2.     This action is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 23, 2026                          *s/ Paul A. Magnuson*
                                              Paul A. Magnuson
                                              United States District Court Judge